UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EVA KINNARD-OWEN, ET AL.                         CIVIL ACTION

VERSUS                                           NO. 15-2447

JACQUELINE SCARBOROUGH, ET AL.                   SECTION "B"(2)

ORDER AND REASONS

**I.   NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court is Plaintiffs', Eva Kinnard-Owen and Tavion Kinnard, Motion to Remand (Rec. Doc. 5), as well as the responsive pleadings thereto filed by Defendant, RPM Pizza, LLC d/b/a Domino's Pizza ("RPM") (Rec. Doc. 6). Plaintiff moves the Court to remand the suit to state court pursuant to 28 U.S.C. § 1332, contending that the matter in controversy does not exceed the value of $75,000.

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **DENIED**, as set forth fully below.

**II.  FACTS AND PROCEDURAL HISTORY**

On or about June 22, 2014, Plaintiff Kinnard-Owen was driving her 2006 Chevrolet Cobalt in which Plaintiff Kinnard was a guest passenger. (Rec. Doc. 1-1 at 1). Plaintiff Kinnard-Owen was traveling eastbound on Marigny Street near Franklin Avenue in New Orleans, Louisiana, when Defendant Jacqueline Scarborough ("Scarborough"), while in the course and scope of her employment with Defendant RPM, suddenly and without warning crashed her own

vehicle, a 2005 Dodge Grand Caravan, into the rear of the vehicle of the Plaintiffs. (Rec. Doc. 1-1 at 1-2). Plaintiff Kinnard-Owen suffered serious and painful personal injuries and damages, including injuries to her head, back, neck, shoulders, hips, elbows, and body. (Rec. Doc. 1-1 at 2). Plaintiff Kinnard suffered serious and painful personal injuries and damages, including injuries to her back, neck, shoulders, and body. (Rec. Doc. 1-1 at 2).

Plaintiffs filed a civil lawsuit for personal injuries against RPM, Scarborough, and Affirmative Insurance Company on May 19, 2015 in the Civil District Court for the Parish of Orleans. (Rec. Doc. 1 at 2). Defendant RPM was served with that lawsuit on June 4, 2015, but service of process was not requested on the other Defendants, and Plaintiffs have since represented that service will not be requested in the future. (Rec. Doc. 1 at 2).

Defendant RPM is now, and was at the time suit was filed, a citizen of Mississippi. (Rec. Doc. 1 at 3). Plaintiffs are citizens of Louisiana. (Rec. Doc. 1 at 3). As such, there is complete diversity under 28 U.S.C. § 1332, since no other parties have been properly joined and served. (Rec. Doc. 1 at 3). Defendant RPM states that the multitude of claims for relief by Plaintiffs make it facially apparent that Plaintiffs' claims exceed $75,000, so that there is federal subject matter

jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1 at 4). Accordingly, Defendant RPM removed the suit to this Court under the provisions of 28 U.S.C. § 1441 on July 2, 2015. (Rec. Doc. 1).

## III. CONTENTIONS OF MOVANT

Plaintiffs move to remand this matter on the grounds that they are willing to limit their recovery from RPM to $75,000, exclusive of interests and costs. Plaintiffs assert that they would have and will stipulate to such an agreement, so long as they are not limited to a recovery of $60,000.00, in light of a $15,000 settlement Plaintiffs reached with other parties, prior to removal.

## IV. CONTENTIONS OF OPPONENTS

Defendant RPM contends that RPM and Scarborough, as an employee of RPM, are solidarily liable for Plaintiffs' injuries caused while Scarborough was in the scope of her employment with RPM. As such, Defendant RPM should receive credit for the $15,000 settlement reached between Scarborough and her insurance company, Affirmative Insurance Company. With such a credit, RPM argues that Plaintiffs must be limited to recovery of $60,000 in order to proceed in state court. With no such stipulation, RPM believes federal jurisdiction is proper.

## V.   REMOVAL/REMAND STANDARD

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)(citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Id.* (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Federal jurisdiction exists under 28 U.S.C. § 1331 when there exists a federal question. There is federal jurisdiction under 28 U.S.C. § 1332 when there is diversity of citizenship and an amount in controversy that exceeds $75,000. Jurisdiction must exist at the time notice of removal is filed. *Id.*

## VI.  DISCUSSION

As will be discussed below, Plaintiffs' Motion to Remand must fail for a reason unaddressed by both Plaintiffs and Defendant RPM. Simply stated, remand is inappropriate because federal jurisdiction existed on the face of Plaintiff's Petition for Damages at the time the notice of removal was filed. Consequently, this Court need not address the issue more heavily disputed by the parties, that is, the aggregation of claims against solidary obligors for purposes of determining the jurisdictional amount.[1]

As previously stated, jurisdiction must exist at the time notice of removal is filed. *Id.* To determine if federal jurisdiction is proper, the Court must "consider the claims in the state court petition as they existed at the time of removal." *Id.* Thus, it must be determined whether Plaintiffs' Petition for Damages (Rec. Doc. 1-1) appears to provide a convincing basis for this Court maintaining jurisdiction, as "[a]ny ambiguities are construed against removal[.]" *Id.* Because Plaintiffs' Petition for Damages makes clear that the parties are diverse, as Defendant RPM is a citizen of Mississippi and Plaintiffs are citizens of Louisiana, this issue need not be addressed. (Rec. Doc. 1 at 3).

---

[1] Even by Plaintiffs' own assessment, the value of their claims is more than $75,000: $15,000 received from co-Defendants plus $75,000 they wish to seek from the co-Defendants' employer, Defendant RPM.

Plaintiffs' Petition for Damages alleges that Plaintiff Kinnard-Owen maintained "serious and painful personal injuries and damages, including, but not limited to, injuries to her head, back, neck, shoulders, hips, elbows, and body" and Plaintiff Kinnard "suffered serious and painful personal injuries and damages, including, but not limited to, injuries to her back, neck, shoulders, and body."(Rec. Doc. 1-1 at 2). Both Plaintiffs seek the following remedies for both past and future damages: pain and suffering, mental anguish, scarring and disfigurement, physical impairment, medical expenses, loss of enjoyment of life, loss of earnings and earning capacity, and loss of household services. (Rec. Doc. 1-1 at 3).

In their Petition for Damages, Plaintiffs correctly omit a specific monetary amount, as is mandated by Louisiana law. La. Code Civ. Proc. Ann. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."). However, Plaintiffs do not, as is required, limit their recovery so as to preserve jurisdiction in state court. *Id.* ("[I]f a specific amount of damages is necessary to establish the jurisdiction of the court [or] the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required."). In light of Plaintiffs' extensive claims,

and failure to limit their recovery, federal jurisdiction seems proper at first blush.

Still, the burden of proof remains on Defendant RPM to show that removal was proper. "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, . . . the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). Accordingly, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id.* at 882-83 (citations omitted). Here, Defendant RPM has done the former by reciting the relevant claims in Plaintiffs' Petition for Damages, and this Court agrees that such claims make it "facially apparent" that the amount in controversy will exceed $75,000 for each Plaintiff. While a precise determination of damages by this Court is impossible absent more information, such a holding is not inconsistent with other precedential cases. *See Pollet v. Sears Roebuck & Co.*, 46 F. App'x 226 (5th Cir. 2002) (holding that district court did not err in finding that plaintiff's claims exceeded $75,000 when plaintiff alleged serious and painful injuries to her face, left

elbow, left hand, and tail bone and demanded all such damages which are reasonable, including damages for past and future medical expenses, lost wages and lost earnings capacity, pain, suffering and mental anguish, disability, and the loss of life's pleasures).[2]

Still, this Court must consider the claims in the state court petition as they existed at the time of removal, including any stipulations between the parties. Plaintiffs, in their Motion to Remand, assert that they are and were, at the time of removal, willing to limit their recovery to a stipulated amount of $75,000, so as to avoid federal jurisdiction. (Rec. Doc. 5 at 1). Plaintiffs' willingness to stipulate, irrespective of whether it is for the correct amount, has no bearing under present circumstances.

This Court may assess the case at the time of removal,[3] and, at the time of removal in this suit, there was no stipulation

---

[2] *See also Gebbia*, 233 F.3d 880 (5th Cir. 2000) (holding that district court did not err in finding that plaintiff's claims exceeded $75,000 when plaintiff alleged that she sustained injuries in a slip and fall accident to her right wrist, left knee and patella, and upper and lower back and claimed damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999) (holding that district court did not err in finding that plaintiff's claims exceeded $75,000 because plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after hospitalization).

[3] It should be noted that efforts to alter or amend jurisdictional amounts after removal so as to maintain or avoid subject matter jurisdiction are generally rejected by the courts. *Gebbia*, 233 F.3d at 883 (citations omitted) ("[P]ost-removal affidavits, stipulations, and amendments reducing the amount [in controversy] do not deprive the district court of jurisdiction.").

agreed upon by the parties. Accordingly, the proposed stipulation is immaterial and lacks significance in determining the instant motion, except perhaps to highlight that Plaintiffs were aware that their claims might exceed $75,000. For these reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand is **DENIED**.

## VII. CONCLUSION

As stated above, Plaintiffs' Motion to Remand cannot succeed because it was facially apparent in Plaintiffs' Petition for Damages that federal jurisdiction existed at the time the notice of removal was filed. The parties' arguments concerning the amount of the proposed stipulation (that was never mutually consented to) are irrelevant, because no stipulation was in effect at the time of removal. Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Remand is **DENIED**, for the reasons set forth above.

New Orleans, Louisiana, this 14th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE